## ROUSE F. YOUNG & GEORGE HALL *vs.* GEORGE BENNETT.

On a judgment note given to an unmarried woman, who afterwards marries, judgment cannot be entered at the suit of her husband alone.

ON CERTIORARI to Justice Jefferson, the record showed a judgment by warrant of attorney, on a note under seal for $29 05, given by the defendants, Young and Hall, to Abigail D. Draper.    The entry of judgment was as follows, after copy of the note :— " Action of debt on a judgment note, dated the 9th day of March, 1847, for $29 05, interest is $8 71, in virtue of which judgment is this day given in favor of the said George Bennett, in right of his wife, Abigail, formerly Abigail D. Draper, to which is annexed a warrant of attorney, authorizing any justice of the peace in the State of Delaware to enter judgment on the above obligation, with stay of execution six months.    And now, to wit, judgment is this day given in favor of George Bennett, plaintiff, against Rouse F. Young and George Hall, security, for the sum of $37 76, in virtue of said obligation and warrant of attorney, this 16th day of March, A. D., 1852."

*The Court* reversed this judgment for want of proper parties. On a bond or single bill given to a woman before marriage, she must be joined in any action brought after marriage; and the husband cannot sue alone.    The judgment in this case should have been at the suit of George Bennett and Abigail, his wife, late Abigail D. Draper, against Rouse F. Young and George Hall.    It is not proper either to style him security, as both the defendants are principals.

Judgment reversed.

*McFee,* for reversal.